ADDRESSED TO THE OFFICE AND OFFICIALS AT
THE JAMES V. ALLRED UNIT
2101 FM 369 N
Iowa Park, Texas 76367

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAR 17 2008
CLERK, U.S. DISTRICT COURT
By _____
      Deputy

Febuary 28, 2008

7-08CV-030-0

RE: NOTICE OF LAW SUIT, CONCERNING VIOLATIONS OF CIVIL
RIGHTS, PURSUANT 42 U.S.C. § 1983

DEFENDANTS, PARTIES
Warden II, Eddie C. Williams
Asst. Warden Tommy L. Norwood
Law library librarian Frankie L. Haynes
Officer CO IV Alvaro Chacon
Officer Co            , Davis   Jane doe
Officer Co V. Cleofe T. Palma
Officer Co _____  . _____ (unknown) John Doe


PLAINTIFF, PARTY, pro se

ROBERTO PEREZ, JR.
#1189927, T.D.C.J.-ID.
ALLRED UNIT
2101 FM 369 N
IOWA PARK, TEXAS 76367

(1)

TO DEFENDANTS NAME ABOVE,

    I, ROBERTO PEREZ, JR., T.D.C.J.-ID. #118997, an inmate residing on the James V. Allred Unit, is giving notice informally by this complaint and affidavit, for the denial of ACCESS TO THE COURTS, said defendant[s] retaliated against plaintiff because plaintiff filed a grievance for the denial of books, and access to the law library pursuant to BP-03.81 and the Administrative Segregation plan AD-03.50, and any other rules, statutes, by the State of Texas, governed by The United States Constitution 5th and [6th] 14th Amendments. It is this relatitory actions that left the Plaintiff unprepared for collateral attack, and direct appeal during a critical stage of the prosecution, denying ACCESS TO THE COURTS.

    Defendants are at present, actively refusing supplies, pens, stamps (or delaying to mail legal documents), also denying Plaintiff books, namely Vernons Annotated Texas Rules of Appellate ~~legal~~ Procedure, Vernons Annotated Texas Constitution, United States Constitution (Code) Annotated Statutes 42 U.S.C.A. § 1983, 42 U.S.C.A. § 2000 bb, cc.; all books allowed and approved by ACCESS TO COURTS; thus, retaliating for the filing of grievance dated November 11, 2007, thus also violating BP.03.81 (AD-03.50 Rev.10) October 16, 2001, with cited authority Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d. 606 (1996), therein said policy.

(2)

Plaintiff is in Administrative Segregation and the facts will state facts and request that Defendants cease and desist in their inappropriate conduct and actions be taken by said warden[s] against the officials stated above, and responsibility for the conduct of their officers, that has "been known" by both wardens and the law library supervisor. Relief will be requested below.

## DENIAL OF ACCESS TO COURTS

On October 15, 2007, Plaintiff was denied Vernons Annotated Texas Appellate Procedure, and West Texas Degest Criminal Law Key;

On October 17, 2007, Plaintiff was denied Vernons Annotated Texas Appellate Procedure and West Texas Digest, on this day requested Shepards;

On October 19, 2007, Plaintiff was denied Vernons Annotated Texas Constitution, Art. 1 § 19

On October 24, 2007, Plaintiff wrote I-60 to law library Supervisor Haynes, Librarian II, concerning the denial of books listed (above), I-60 went disregarded, Plaintiff wrote Access To Courts, I-60 disregarded.

(3)

On October 26, 2007, Plaintiff was denied ACCESS TO the law library;

On October 29, 2007, Plaintiff was denied ACCESS TO the library, (Plaint claims this was start of retaliation), Plaint wrote letter to Supervisor concerning denial of books, requested formal resolution, Plaintiff wrote ACCESS TO COURTS;

On October 31, 2007, Plaintiff spoke with Capt. James concerning the law library policy BP-03-81, Plaintiff assumes the Captain spoke with the law library, recieved shepards requested on the 17th; requested shepards;

On November 02, 2007, Plaintiff was denied ACCESS TO THE LAW LIBRARY After complaints, spoke with Lt. Delk concerning the denial of books;

On November 05, 2007, denied ACCESS TO THE LAW LIBRARY, filed grievance dated November 04, 2007, returned the 6th, refiled on the 7th, returned again on the 11th, filed on the 12th, returned on the 14th, filed on the 15th;

On November 09th, 2007, Plaintiff was denied ACCESS TO the law library,

(4)

On November 14th, 2007, Plaintiff was denial West Texas Digest Criminal Law; (UNBEKNOWN TO PlAINTIFF, Denial of Petition for discretionary Review);

On November 16, 2007, Plaintiff was denied West Texas Digest Criminal law, resubmitted shepard request from the 31st;

On November 19, 2007, Plaintiff was denied pen, wrote complaint to warden, access to courts, Director for T.D.C.J.-ID., wrote grievance officer, law library Supervisor, denied access to the law library;

On November 23, 2007, was denied access to the library

On the November 26, 2007, Plaintiff was denied supplies and letters mailed out that had legal copies in it for copies to send to the court, wrote warden, law library Supervisor, Officer Chacon refused to pick up books from the 21st, also denying access to the law library;

On November 28, 2007, Plaintiff was denied access to the law library

(5)

On November 30, 2007, Plaintiff denied access to the law library, Although Shepards were brought, it was like no books. Shepards requested on the 31st After resubmit, requested Shepards again this day; specifically also 42 U.S.C. § 1983

On December 03, Plaintiff was denied supplies, and access to the library (law), after complaints on the 19th and 26th of November;

On December 04, 2007, plaintiff recieved a pen after complaint to Warden, on the 3rd;

On December 05, 2007, Plaintiff recieved refusal for Discretionary Review, and was unprepared to file for Collateral Attack by motion; Plaintiff was denied Vernons Annotated Texas Government Codes; Plaintiff motion for rehearing;

On December 07, 2007; Plaintiff was denied Vernons Annotated ~~Consti~~ & Texas Constition Art. 1 § 19;

On December 10th, 2007, Plaintiff was denied access to the law library, library kept pen, denied supplies and to mail out legal documents to the Court, because plaintiff was no longer indigent; this day Plaintiff notice law library, using S.S.I. to harrass and deny law books.

(6)

On December 13, 2007, Plaintiff complained to warden[s] that law library uses the inmate to ~~copy~~ deny books (cases), also that Chacon mocking the grievance system by telling the inmate to tell me to file ~~grievance~~ grievance;

On December 14, 2007, law library again brought legal items not requested;

On December 17, 2007, Plaintiff was denied access to the law library;

On December 19, 2007, Plaintiff resubmitted I-60 requesting shepards request on the 30th;

On December 24, 2007, Plaintiff was denied access to the library;

On December 21, 2007, Plaintiff was denied Vernons Annotated Texas Rules of Appellate Procedure;

On December 30, 2007, Plaintiff was denied rules, handbook, unit rules, and on two other occassions was denied a copy of the ATC rule, never was a copy of A.T.C. ever given as notice to offender, not is ATC posted.

(7)

On January 04, 2008, Plaintiff recieved legal items, denied 42 U.S.C.A. § 1983 w/ pp.;

On January 07, 2008, Plaintiff recieved shepards ordered November 30th, resubmitted December 19th, requested Shepards;

On January 09, 2008, Plaintiff was denied 42 U.S.C.A. § 2000 w/ pp;

On January 11, 2008, Plaintiff was denied access to the law library;

On January 14, 2008, Plaintiff recieved Shepards ordered on the 7th, also recieved legal documents from Nueces Court Clerk;

On January 15, 2008, Plaintiff recieved denial of Motion for rehearing, ordered Vernons Annotated Texas Rules of Appellate Procedure,

On January 16, 2008, Plaintiff was denied all requested legal items, brought items did not request.

(8)

On January 18, 2008, Plaintiff wrote note (I-60) to law library supervisor of inmate harrassing Plaintiff; legal document to be mailed to the Texas Court of Criminal Appeals returned by law library;

On January 22, 2008, Plaintiff mailed (same) legal documents with indigent supplies, returned;

On January 23, 2008, mailed by Plaintiff legal documents that Plaintiff attempted to on the 18th, S.S.I. rubbing face in window, (unknown to Plaintiff, allegedly told neighbor, Plaintiff snitching), recieved Shepards;

On January 25, 2008, Plaintiff was denied access to the law library;

On January 28, 2008, Plaintiff informed Officer Chacon of the denial of books, and S.S.I. (talking trash) at the door, S.S.I. yelled out Plaintiff was snitching, spoke with Lt. Delk of the denial of supplies, recieved pen on the 29th, neighbor informed Plaintiff, S.S.I. told him that Plaintiff was snitching. (This occurred 28-29); Denied 42 U.S.C. A. §2000 cc

(9)

On January 30, 2008, Plaintiff was denied access to the law library;

On Febuary 01, 2008, Plaintiff recieved legal items (cases) half copied (pages); Recieved Mandate on Appeal;

On Febuary 04, 2008, Plaintiff was denied access to the law library;

On Febuary 06, 2008, Plaintiff requested Officer Chacon how many staff was in law library, request denied; Pages half copied, requested officer Chacon to recopy, S.S.I, stated no, "pack up your shit." Officer Chacon said nothing.

On Febuary 08, Plaintiff was denied access to the law library, brought same items as on the 06th, Officer Davis stated her name was not Davis, and refused to give her name.

On Febuary 09, 2008; Plaintiff spoke with officer Palma, of the cases, refused to take book request and dropped in the mailbox, Plaintiff will not recieve books till the 13th.

# REMEDIES/RELIEF REQUESTED

(10)

These are the complaints against the law library Warden[s], State grievance exhaustion is exhausted, Plaintiff is requesting immediate response from the Unit Warden and Asst. Warden with in (10) business days or complaint will follow in federal Court and service will be by U.S. Marshall ~~Warden~~, requesting federal intervention, and damages in ~~~~ montary relief and any other relief entitled to the Plaintiff, by each officer in their individual capacity.

1. That the Warden take immediate action against their law library and STOP ALL RETALIATION AGAINST PLAINTIFF, that means, that the Warden assure that Plaintiff recieve (ALL) books requested by him as entitled to him by Access to Courts, until court day;

2. That the Warden remove law library Haynes, Frankie, L. Law librarian II, for not taking appropriate action of the misconduct of her officers, disciplinary action requested

3. Officer Chacon, Alvaro CO IV be removed for the denial of books, harrassment, retaliation and Access to Courts, disciplinary requested;

4. Officer Davis, _____, be removed for the denial of books, harrassment, retaliation, and access to courts. disciplinary action requested;

(11)

4. Officer Palma, Cleote T. Co V., be removed for the denial of books, harrassment, retaliation and Access to the Courts; disciplinary action requested;

5. Warden[s] keep these officials in said law library from refusing days, books, and other legal postage, supplies entitled by indigent inmate, and ensure access to courts.

6. Remove S.S.I. that usually with Officer Chacon from law library, for actions not consistent with his job discrepencies, fourth and last demand to remove.

7. Any and All misconduct will be noted and presented in court, no further complaints will be vainally presented to Warden, Asst. Warden or Staff for the law library.

Respectfully Submitted,
x Roberto Ruezo/ _____ Plaintiff pro se
#1189927, H.S. G 114
ALLRED UNIT
2101 FM 369 N,
Iowa Park, Tx 76367

(12)

# CERTIFICATE OF SERVICE

I, ROBERTO PEREZ, JR., the Plaintiff pro se, swears that these claims and allegation in this notice are true and correct, is forward by U.S. Postal Service on this __28th__ day of __Febuary__, 2008, to the parties below, signed by my hand.

x _Roberto Perez Jr_ Plaintiff pro se
#1189927, H.S.G 114
ALLRED UNIT
2101 FM 369 N
Iowa Park, Tx 76367

C.C.
Eddie C. Williams, Warden II
Tommy L. Norwood, Ast. Warden
(Law library Supervisor is expected to give a copy to her Staff) x5
Law Library Supervisor
Frankie L. Haynes

(13)



ROBERTO PEREZ, JR
#189527, Plaintiff
2101 FM 369 N
Iowa Park, TX 76367

The United States District Court
Northern District of Texas
1000 Lamar Street, RM 203
Wichita Falls, TX 76301

