IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

ROBERTO PEREZ, JR.,                    )
                    Plaintiff,         )
                                    )
v.                                     )          Civil No. 7:08-CV-030-O
                                    )
EDDIE C. WILLIAMS, *et al.*,            )
                    Defendants.        )

## MEMORANDUM OPINION AND ORDER

Came on to considered the papers and pleadings filed in this action and the Court finds and orders as follows:

Plaintiff, an inmate currently confined in the Coffield Unit of the Texas Department of Criminal Justice in Tennessee Colony, Texas, filed this action pursuant to 42 U.S.C. § 1983. Defendants are employees of the Allred Unit where Plaintiff was incarcerated at the time of the events giving rise to his lawsuit. Plaintiff claims that Defendants retaliated against him, denied him access to the courts and denied him the right to free exercise of his religion. *Amended Complaint ¶ V.* He seeks monetary damages and injunctive relief. *Id. at ¶ VI.*

## Retaliation

Plaintiff claims that he was denied access to law library materials, pens, carbon paper and stamps in retaliation for complaining and filing a grievance about the denial of law library materials. *Appendix to Amended Complaint at pp. 6-8.*

State officials may not retaliate against an inmate for the exercise of a constitutionally protected right. *Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995); *Gibbs v. King*, 779 F.2d 1040,

1046 (5th Cir. 1986).   In order to show retaliation an inmate "must establish (1) a specific

constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise

of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225,

231 (5th Cir. 1998).   Causation requires a showing that "but for the retaliatory motive the

complained of incident ... would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th

Cir. 1997) (quoting *Woods*, 60 F.3d at 1166).   This places a significant burden on the inmate.   Mere

conclusory allegations are insufficient to state a claim.   *Woods*, 60 F.3d at 1166; *Richardson v.

McDonnell,* 841 F.2d 120, 122-23 (5th Cir. 1988).   The inmate must produce direct evidence of

motivation or "allege a chronology of events from which retaliation may plausibly be inferred."

*Woods*, 60 F.3d at 1166 (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)).   Trial

courts are required to carefully scrutinize civil rights actions based on claims of retaliation as those

claims "must [] be regarded with skepticism." *Id.*  (quoting *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir.

1994).   A plaintiff's bare assertion of retaliation, without any supporting facts, is insufficient to state

a claim under 42 U.S.C. § 1983.  *See Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995) (prisoner

must show more than "personal belief" to establish retaliation).

    Perez was given the opportunity to expound on the factual allegations of his complaint by

way of questionnaire. *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development

of insufficient factual allegations before dismissal as frivolous is proper); *Watson v. Ault*, 525 F.2d

886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to

develop factual basis of *pro se* plaintiff's complaint).   However, he failed to allege any facts which

would indicate that he was denied access to legal material, pens, carbon paper and stamps for purposes of retaliation. *See Plaintiff's Answers to the Court's Questions No. 12-18.* Conclusory allegations and legal conclusions masquerading as factual allegations are insufficient to state a cognizable claim under the Civil Rights Act when a plaintiff is directed by a court to state the factual basis of a claim. *See Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) (holding that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *Van Cleave v. United States*, 854 F.2d 82, 84 (5th Cir. 1988) (requiring specific facts and noting that conclusory allegations are insufficient to maintain a claim under § 1983). In short, Plaintiff's subjective belief that he was denied the requested materials for purposes of retaliation, without more, is insufficient to maintain a civil rights action.[1]

Denial of Access to the Courts

Plaintiff claims that he was denied access to the Courts because Defendants refused to provide him with law library materials, pens, carbon paper and stamps which were necessary to his pending civil and criminal cases. *Appendix to Amended Complaint at pp. 9-10.*

Prisoners have a constitutional right of adequate and meaningful access to the courts. *E.g., Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817, 821-23 (1977); *McDonald v. Steward*, 132 F.3d 225, 230 (5th Cir. 1998). However, their right of access is not unlimited. "[I]t

---

[1] The Court has the power to pierce the veil of a *pro se* plaintiff's allegations and dismiss those claims whose factual contentions are clearly baseless. *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). Although *in forma pauperis* complaints are to be construed liberally, the Court is bound by the allegations of the complaint and is not free to speculate that a plaintiff might be able to state a claim if given yet another opportunity to add more facts. *Id.*

encompasses only 'a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.'" *Johnson v. Rodriguez*, 110 F.3d 299, 310-11 (5th Cir. 1997) (quoting *Lewis*, 518 U.S. at 356).  In order to establish a claim for denial of access to the courts, a  prisoner must demonstrate that he suffered some "actual injury."  *See Lewis*, 518 U.S. at 351-52 (holding that actual injury is a constitutional prerequisite to maintaining a claim involving denial of access to the courts).  This, in turn, requires proof that the denial of access "hindered [the inmate's] efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351; *see also McDonald*, 132 F.3d at 231 (noting that, in order to prevail on a claim of denial of access to the courts, an inmate must demonstrate that his position as a litigant was prejudiced).

Review of Plaintiff's answers to the Court's questions reflects that he has failed to allege any facts which could indicate that his position as a litigant was prejudiced as a result of the Defendants' alleged actions. *See Plaintiff's Answer to the Court's Question No. 4.*  Plaintiff complains of denial of access to the courts in three cases; his state habeas action attacking his conviction for manslaughter, the direct appeal in his conviction for the offense of driving while intoxicated and the instant case.  *Plaintiff's Answer to the Court's Question No. 2.*  Plaintiff states that he is proceeding *pro se* in his state habeas action.  *Id. at No. 3.*  He claims to have been prejudiced because he needed to conduct legal research to address the State's argument that he failed to set forth facts to support his claim of ineffective assistance of counsel.  *Id. at No. 4.*  The Court may take judicial notice that the facts underlying a particular petitioner's ineffective assistance of counsel claim would not be found in statutes or caselaw.  Any such facts would likely be found in the record of the petitioner's

criminal case or be stated by the petitioner who would have knowledge of counsel's performance during the criminal proceeding. Plaintiff further argues that he needed to cite caselaw at the time of filing a request for extension of time and that he needed to research such things as jurisdiction to appeal further. *Id.* Contrary to Plaintiff's arguments that he was not able to further his appeal due to the denial of access to legal materials, his motion for a rehearing *en banc* was pending with the Texas Court of Criminal Appeals at the time he set forth these arguments. *See id. at No. 2.* For the foregoing reasons, Plaintiff has failed to demonstrate prejudice with regard to his state habeas application.

In his next case, the criminal conviction for driving while intoxicated, Plaintiff states that he was represented by counsel but is now proceeding *pro se. Id. at No. 3.* At the time he filed his answers to the Court's questions, Plaintiff was awaiting a ruling on his petition for discretionary review by the Texas Court of Criminal Appeals. *Id.* Moreover, Plaintiff concedes that he has not suffered any prejudice in this case. *Id. at No. 4.* Therefore he cannot show denial of access to the courts in this instance.

Finally, Plaintiff claims to have suffered prejudice in the instant case because he didn't know that a motion for temporary restraining order must be served upon the defendants, because he has inadequate storage space and because he has been threatened and harassed by Defendant Chacon. *Id.* The amount of Plaintiff's storage space and the alleged threats and harassment by Defendant Chacon do not demonstrate prejudice suffered in the instant case. Review of the record in this case reflects that Plaintiff's first motion for temporary restraining order was denied without prejudice on

clearly stated procedural grounds. *See Doc No. 16.* Nothing prohibited Plaintiff from refiling his motion for temporary restraining order in compliance with the rules which were clearly set forth in the Court's order. Therefore, Plaintiff cannot show prejudice in this case.

Access to legal materials is one way of satisfying the right of access to the courts. *Bounds*, 430 U.S. at 830. However, there is no right to access legal materials or a law library independent of the right to access the courts. Thus, a complaint of no access to a law library, without more, is insufficient to state a claim of denial of access to the courts. *See Lewis*, 518 U.S. at 351-52. In the instant case, Plaintiff has failed to allege any facts which could indicate that he suffered prejudice as a result of Defendants' alleged actions in denying him access to legal materials. *See Plaintiff's Answers to the Court's Questions No. 1-4.* Therefore, he can not prevail on this claim.

<u>Free Exercise of Religion</u>

In his final claim, Plaintiff alleges Defendants have denied him the right to the free exercise of his religion because they refuse to allow him to take his Bible to the recreation yard. *Appendix to Amended Complaint at pp. 10-12.*

Although incarcerated, an inmate retains his First Amendment right to the free exercise of religion, subject to reasonable restrictions and limitations necessitated by penological goals. *E.g., Turner v. Safley*, 482 U.S. 78, 89-91 (1987); *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349-50 (1987); *Powell v. Estelle*, 959 F.2d 22, 25-26 (5th Cir. 1992). To fall within the purview of the free exercise clause of the First Amendment, a religious claim must satisfy the following two criteria: "First, the claimant's proffered belief must be sincerely held; the First Amendment does not extend

-6-

to 'so-called religions which ... are obviously shams and absurdities and whose members are patently devoid of religious sincerity.'" *Callahan v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981) (quoting *Theriault v. Carlson*, 495 F.2d 390, 395 (5th Cir. 1974)).  Second, "the claim must be rooted in religious belief, not in 'purely secular' philosophical concerns." *Id*. (citing *Wisconsin v. Yoder*, 406 U.S. 205, 215-16 (1972)).  Thus, only practices associated with sincerely held religious beliefs require accommodation by prison officials.  *See e.g., U.S. v. Daly*, 756 F.2d 1076, 1081 (5th Cir. 1985) (citing *United States v. Ballard*, 322 U.S. 78, 86-88 (1944) and *United States v. Seeger*, 380 U.S. 163, 184 (1965)); *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994), *supplemented*, 65 F.3d 148 (9th Cir. 1995); *Mosier v. Maynard*, 937 F.2d 1521, 1526 (10th Cir. 1991).  Unfortunately, the realities of prison life dictate that even religious practices associated with sincerely held religious beliefs may be limited "in order to achieve legitimate correctional goals or to maintain prison security." *O'Lone*, 482 U.S. at 348.

To establish a free exercise violation, an inmate must demonstrate that prison officials prevented him from engaging in his religious conduct without any justification related to legitimate penological concerns.  *Turner*, 482 U.S. at 89.  In reviewing such claims, the Court considers the following factors: (1) whether there is a rational connection between the prison regulation and the claimed penological goal; (2) whether alternative means of exercising the right in question remain open to inmates; (3) the impact of accommodation on guards, other inmates and prison resources in general, and; (4) whether there is an absence of ready alternatives which would evince the reasonableness of a regulation or the existence of reasonable alternatives which would evince the

unreasonableness of a regulation.  *Id.*  In evaluating prison rules that impinge on religious practices, the Court must accord wide deference to prison officials' decisions in light of the need to preserve internal order and security unless there is substantial evidence to indicate that prison administrators have exaggerated their response to such considerations.  *See id.*

Plaintiff's sole claim is that he is not allowed to carry his Bible to the recreation yard for his one-hour of (presumably daily) recreation.  *Appendix to Amended Complaint at pp. 10-12.*  He makes no other claim that he has been denied his right to freely exercise his religion.  Perez states that he was informed by a volunteer Chaplain that, for security purposes, only an I.D. card may be taken to the recreation yard by an inmate.  *Plaintiff's Answer to the Court's Question No. 19.*  Perez was also informed in the response to his Step 2 grievance that he was permitted to carry only his I.D. card to the recreation yard.  *Id.*  The prison policy of allowing only I.D. cards to be taken to the recreation yard is reasonably and logically connected to the legitimate penological concern of security, especially at a maximum security facility such as the Allred Unit.  *See Scott v. Mecklenburg Correctional Center*, 2006 WL 2060322 (W.D. Va. 2006) (finding no free exercise violation where an inmate's request to take his Bible to the recreation yard was denied).  Because Plaintiff makes no claim that he was otherwise denied the right to freely exercise his religion, he cannot prevail in this action.

A district court may dismiss a complaint filed *in forma pauperis* if it determines that the action is frivolous.  28 U.S.C. § 1915(e)(2)(B)(i).  An action is frivolous if it lacks an arguable basis

in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991).   A complaint is without an arguable basis in law if it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.   The claims set forth in the case at bar have no arguable basis under federal law.

For the foregoing reasons, it is ORDERED that Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

A copy of this order shall be transmitted to Plaintiff.

SO ORDERED this 17th day of May, 2010.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**